**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In RE:

Reese B. Meech,                                       Case No.: 20-60429
Mellanie J. Meech,                                    Chapter 12
                    Debtor.                            **September 24, 2024**

**AMENDED CHAPTER 12 PLAN**

**ARTICLE I**
**ADMINISTRATIVE PRIORITY CLAIMS**

The Chapter 12 trustee shall make application to the Court for approval of trustee's fees and for any reasonable and necessary expenses of the trustee in effectuating the trustee's duties under the Bankruptcy Code in administering this case.  The Debtor(s) shall pay an amount equal to five percent (5%) of all payments disbursed by the Chapter 12 trustee as an estimated payment and the trustee shall hold the fee until the trustee's fees and expenses are applied for and approved by the Court.  Once the trustee's fees are approved, the trustee shall pay them.  If there are excess funds in the account at the end of the case, the money shall be paid to the unsecured creditors and any excess after paying the unsecured creditors shall be paid to the debtors, unless otherwise ordered by the Court.

The term of this plan shall be five years from the May 12, 2021 confirmation order of the initial plan.  All payments mentioned in this plan, whether paid through the trustee or not, will commence one month after confirmation.

**ARTICLE II**
**CLASSIFICATION OF CLAIMS AND INTERESTS**

CLASS 1:      1st International Bank and Trust

CLASS 2:      Central Minnesota Credit Union

CLASS 3:      Leibel Farms

CLASS 4:      Manitou Advisors LLC

CLASS 5:      Mid MN Credit Union

CLASS 6:      Unity Bank

CLASS 7:      Velde Moore Ltd.

CLASS 8:      Unsecured Creditors

CLASS 9;      Capital Gains

CLASS 10:    Executory Contracts

CLASS 11:    Wadena County Property Taxes

### ARTICLE III

### CLASS 1

Class 1 consists of the claim of 1st International Bank and Trust (Trust). To address the Trust's concerns for adequate protection, the Trust shall retain its first lien position in the debtors' cattle owned on the date of filing along with all cattle acquired post-petition.  The debtors will maintain a minimum herd size of 78 animals.  The claim of the Trust, in the amount of $44,805.51, is fully secured by a first lien in the debtors' cattle. The debtors will pay this claim over 6 years at a rate of 7%. These payments shall be made through the trustee during the term of the plan, and trustee's fees shall apply.

| Monthly Payment | Trustee Fee | Total Payment |
|---|---|---|
| 780.92 | 39.08 | 820.00 |

### CLASS 2

Class 2 consists of the claim of the Central Minnesota Credit Union (CMCU).  The debtors have three loans with CMCU.  The first loan is secured by a 2002 GMC Sierra pickup.  The debtors intend on making the payments to CMCU on this loan pursuant to the pre-petition terms, and are not seeking to modify this loan.  The current monthly payment on this note is $120.00.

### CLASS 3

Class 3 consists of the claim of Liebl Farms.  The debtors are seeking to modify the terms of their contract for deed with Liebel Farms.  The real property that the debtors are purchasing has a fair market value of $60,000.00 and the debtors currently owe $60,000.00 to Liebl Farms.  The debtors shall pay Liebl Farms $60,000.00 in monthly installments over thirty years at a rate of 4.0%.  Payments shall begin one month after confirmation.  These payments shall be made through the trustee during the term of the plan, and trustee's fees shall apply.

| Monthly Payment | Trustee Fee | Total Payment |
|---|---|---|
| 286.45 | 14.32 | 300.77 |

### CLASS 4

Class 4 consists of the claims of Manitou Advisors, LLC.  The debtors have three notes with Manitou. Each note is secured by a separate piece of machinery, Gehl Skid Loader RT 165, Gehl

Skid Loader R 165, and an Anderson IFX 660 Inline Bale Wrapper.  The debtors intend to make the payments on the three loans through the plan over 7 years at a fixed rate of 5.0% interest.  These payments shall be made through the trustee during the term of the plan, and trustee's fees shall apply.

Gehl Skid Loader RT 165:  FMV $22,000.00

| Monthly Payment | Trustee Fee | Total Payment |
|---|---|---|
| 310.95 | 15.55 | 326.50 |

Gehl Skid Loader R 165:  FMV $12,000.00

| Monthly Payment | Trustee Fee | Total Payment |
|---|---|---|
| 169.61 | 8.48 | 178.09 |

Anderson IFX 660 Inline Bale Wrapper:  FMV $18,000.00

| Monthly Payment | Trustee Fee | Total Payment |
|---|---|---|
| 254.41 | 12.72 | 267.13 |

These notes shall not be considered to be cross collateralized.  The secured claims in this Class are being crammed down by the debtors pursuant to 11 U.S.C. § 1225(a)(5).  The value of the Gehl Skid Loader RT 165 is $22,000 as of the date of the filing of the case.  Once Manitou Advisors, LLC receives $22,000.00, plus  interest as specified above, it shall terminate its security interest in the Gehl Skid Loader RT 165 upon the debtors receiving a discharge.  The value of the Gehl Skid Loader R 165 is $12,000 as of the date of the filing of this case.  Once Manitou Advisors, LLC receives $12,000.00, plus interest as specified above, it shall terminate its security interest in the Gehl Skid Loader R 165 upon the debtors receiving a discharge.  The value of the Anderson IFX 660 Inline Bale Wrapperis $18,000 as of the date of the filing of the case  Once Manitou Advisors, LLC receives $18,000.00, plus interest as specified above , it shall terminate its security interest in the Anderson IFX 660 Inline Bale Wrapper upon the debtors receiving a discharge.

Pursuant to 11 U.S.C. §§ 506 & 1225(a), the total secured claim of Manitou Advisors, LLC is $52,000.00.  The unsecured portion of Manitou Advisors, LLC's claim is $31,300.00.  Pursuant to an Order entered on May 23, 2023, at docket number 62, the unsecured portion of Manitou Advisors, LLC's claim, in the amount of $31,300.00, has been disallowed by the Bankruptcy Court.  The unsecured portion of the claim will not be included in any class under this plan, will not receive any distributions from the debtors or the Trustee, and will be discharged upon the debtors receiving a discharge in this case.

<u>CLASS 5</u>

Class 10 consists of the claim of the Mid-Minnesota Credit Union.  The debtors have a loan secured by a 2017 Wilson stock trailer through Mid MNCU.  The debtors believe that the fair

market value of the collateral is $9,000.00. The debtors intend on making monthly payments over 7 years at an interest rate of 5.0%. These payments shall be made through the trustee during the term of the plan, and trustee's fees shall apply.

| Monthly Payment | Trustee Fee | Total Payment |
|---|---|---|
| 127.21 | 6.36 | 133.57 |

## CLASS 6

Class 5 consists of Unity Bank. Unity Bank is currently owed $1,354,845.55 as of January 20, 2021. Unity has a security interest in the debtor's land, equipment, cattle, and products. The debtors by separate motion to be filed within 30 days of plan confirmation shall transfer or sell all the real property located at 9547 County Rd 20 SW, Sebeka, MN 56477, and legal described below, free and clear of all junior liens and debtors waive any right of repurchase under Minn. Stat. § 500.245. The debtors shall also surrender any unit retains to which they are entitled. Unity Bank shall be entitled to keep any property insurance proceeds related to the real property at 9547 County Rd 20 SW, Sebeka, MN 56477. Legal description of real property to be conveyed to Unity Bank: The Northwest Quarter (NW ¼) and the Northwest Quarter of the Northeast Quarter (NW ¼ of NE ¼), Section 31, Township 137, Range 32, Cass County, Minnesota.

The debtors will retain real property located at and legally described below with a fair market value of $367,807.00 as well as equipment, cattle, and cash collateral (chattel) with a fair market value of $315,000.00. Legal description of the real property to be retained by debtors: The Northwest Quarter of the Southeast Quarter (NW ¼ of SE ¼) and the South Half of the Southeast Quarter (S ½ of SE ¼) of Section 36, Township 137, Range 33, Wadena County, Minnesota, and the East Half of the Northeast Quarter (E ½ of NE ¼) of Section 22, Township 137, Range 33, Wadena County, Minnesota.

The estimated unsecured portion of the Unity Bank debt after the surrender of the real property identified above is now known due to the sale of the surrendered collateral. Unity Bank has filed amended claims and shall be entitled to an unsecured claim under Class 8. Unity Bank shall be entitled to receive the proceeds of the equipment auction from October 2019. Unity and Debtors agree that from the crop insurance checks for $26,320.00 that debtors shall be entitled to use up to $15,000.00 of said proceeds for the installation of a compliant septic system at the real property and the balance of the funds shall be released to Unity. Unity shall hold the septic system funds in escrow and debtors shall submit to Unity the invoice for the septic system and a compliance certificate no later than July 15, 2021.

The debtors remaining obligation will be bifurcated into two loans, real estate ($367,807.00) and chattel ($315,000.00). The real estate loan will have a term of 30 years with a variable rate. The first five years of said real estate loan shall be fixed at 4%, thereafter the interest rate shall adjust on the fifth anniversary of the confirmation date. The new interest rate shall be the WSJ prime

rate index plus 2%. At no time will the interest rate increase or decrease by more than 2% and at no time shall the interest be less than 4% or more than 8%. The chattel loan will have a fixed rate of 7.25% and will be amortized over 10 years but balloon in 60 months after confirmation. Unity Bank will retain a secondary lien in all equity created in the debtors' equipment subject to a purchase money lien that is being paid through this plan. Debtors shall execute any loan documentation reasonably required by Unity Bank to update the Unity Bank loans to be consistent with the terms of this Plan.

| Real Estate Monthly  Payment | Trustee Fee | Total Payment |
|---|---|---|
| 1,755.97 | 87.80 | 1,843.77 |

| Chattel Monthly Payment | Trustee Fee | Total Payment |
|---|---|---|
| 3,698.13 | 184.91 | 3,883.04 |

These payments shall be made through the trustee during the term of the plan, and trustee's fees shall apply. The secured claims in this Class are being crammed down by the debtors pursuant to 11 U.S.C. § 1225(a)(5). Unity Bank has agreed to accept $367,807.00 as the fair market value of the real property that the debtors are retaining. Once the debtors pay Unity Bank $367,807.00, plus any accrued interest, and receive their discharge then Unity Bank shall satisfy its mortgages securing the real property that the debtor are retaining. Furthermore, Unity Bank has agreed to accept $315,000.00 as the fair market value of the chattel property that the debtors are retaining. Once the debtors pay Unity Bank $315,000.00, plus any accrued interest, and receive their discharge then Unity Bank shall terminate its UCC and CNS filings securing the debtors' chattel property.

## CLASS 7

**Class 7:  Debtors' Attorney' Fees.**  Debtors' attorney will apply to the Court for compensation in this case for attorney's fees, administrative work and reimbursement of costs and expenses incurred during the representation of the debtors pre- and post-petition. Upon approval of such compensation by the Court, the debtors shall make periodic payments to the Chapter 12 Trustee. The Debtors shall provide funds as necessary to compensate the debtors' attorney fees. The debtors shall provide additional funds as is necessary to provide for the Trustee's 5% fee when making these payments.

## CLASS 8

Class 8 consists of allowed non-priority unsecured claims, including, but not limited to, allowed non-priority unsecured claims of creditors which are as a result of damages arising as a result of the rejection of unexpired leases and/or executory agreements, allowed non-priority unsecured claims resulting from the value of a secured claim being of a value less than the creditor's collateral, allowed non-priority claims of those secured creditors whose claims are determined to be unsecured, allowed non-priority governmental claims arising under 11 U.S.C. § 1232, and allowed non-priority unsecured claims for taxes and penalties which are not included in any other Class. Payments made to this Class shall be disbursed by the Trustee pro-rata based on the amount of allowed claims existing on the date of disbursement. Nothing in this Part shall restrict

the debtor, Trustee, or other party from objecting under Fed. R. Bankr. P. 3007 to the allowance of a claim.

| Monthly Payment | Trustee Fee | Total Payment |
|---|---|---|
| $413.72 | $20.69 | $434.41 |

Trustee's fees shall apply.

## CLASS 9

No priority claims have been filed. Section 1232 claims are addressed under Article VII. CLASS 10

Class 10 consists of executory contracts. The debtor will assume the following contracts under their pre-petition terms:

a. All contracts with Farm Service Agency, including but not limited to the MPP-Dairy program and loan guarantees on behalf of Unity Bank

b. The debtors will buy out its two equipment leases with AAA Leasing & Management through a direct payment;

c. The debtors will assume their farm land leases with Mr. Graba, Mr. Helfriches, Mr. McKay, and Mr. Winters.

d. The debtors will assume their lease with Leaf River Ag Service. CLASS 11

Class 11 consists of past due property taxes in the amount of $3,849.92. The debtors shall pay back the property taxes at the statutory rate of 10% over the term of their plan. These payments shall be made through the trustee and trustee's fees shall apply.

| Monthly Debt Service | Trustee Fees | Total |
|---|---|---|
| 124.23 | 6.22 | 130.45 |

## ARTICLE IV
## LIQUIDATION ANALYSIS

The Liquidation Analysis as required under Section 1225 (a) (4) is attached as Attachment A. The debtors have claimed Minnesota exemptions.  The debtors' net equity in their property, after deducting the amounts of the secured claims and exemptions, is $24,823.00. Priority and non-priority unsecured creditors (but not including attorney's fees) will receive no less than $24,823.00 over the life of the plan.  The debtors' liquidation analysis is attached to this plan.

## ARTICLE V
## FARM INCOME AND EXPENSES

The Debtor shall satisfy the obligations of this plan through income from farm and non-farm earnings.  Debtors shall provide the chapter 12 trustee with operating reports and bank statements on a monthly basis, and shall file and provide the chapter 12 trustee copies of tax returns annually.  The debtors' projection of living expenses are $1,700.00 per month.  The debtors shall limit their annual withdrawals for living expenses to said amount, unless said amount is modified by Court Order. The Court shall retain authority and jurisdiction to modify said allowance upon application of a party in interest.

## ARTICLE VI
## DISPOSABLE INCOME

For the term of this plan, all of the debtors' disposable income (future earnings not necessary for the continuation, preservation and operation of the farm and for the maintenance or support of the debtors and their dependents), regardless of the amount, will be paid to the Trustee. The Trustee shall disburse these funds first to any unpaid priority claims (including administrative expenses and Trustee's fees) and second to non-priority unsecured creditors.  The debtors propose to withhold each year sums of money for reasonable and necessary expenses to preserve and continue the Debtor's farm operation as authorized under 11 U.S.C. § 1225(b)(2)(B).

## ARTICLE VII
## 11 U.S.C. § 1232 GOVERNMENTAL CLAIMS

Governmental claims arising under 11 U.S.C. § 1232 (1) shall be treated as non-priority unsecured claims arising before the date on which the petition is filed; (2) shall be treated under Part 8 of the plan (Non-Priority Unsecured Claims), provided that the claim is not otherwise disallowed, (3) shall not be entitled to priority treatment under 11 U.S.C. § 507; and (4) shall be discharged in accordance with 11 U.S.C. §§ 1228 & 1232.  If the debtor files a tax return after the filing of the petition for a period in which a claim under 11 U.S.C. § 1232(a) arises, and the

claim relates to the tax return, the debtor shall serve notice of the claim pursuant to 11 U.S.C. § 1232(d)(2).  Nothing in this Part shall restrict the debtor, Trustee, or other party from objecting under Fed. R. Bankr. P. 3007 to the allowance of a claim.

## <u>ARTICLE VIII</u>
## <u>RETENTION OF LIENS AND INCORPORATION OF DOCUMENTS</u>

All creditors whose claims are treated as secured in this plan shall retain their liens on the collateral securing their respective claims as specified in the plan and until such claims are paid in full in the amount allowed as secured.  Creditors that possess secured claims that have been crammed down pursuant to 11 U.S.C.§ 1225(a)(5), shall release their liens once the debtors have received their discharge and the secured claim has been paid pursuant to the terms contained in this plan.  Except as modified by the terms of this plan, all documents evidencing indebtedness and security in favor of said secured creditors remain the same and are incorporated herein by reference. Either the debtors or any creditor may record this plan and the Order confirming this plan with the Office of the County Recorder of each county in which the debtors have an interest in real estate without violation of the automatic.

## <u>POST-PETITION CREDITORS AND SUPPLIERS</u>

The Debtor shall administer contracts on all post-petition contracts outside of the plan.

Dated: September 24, 2024,

<u>/e/ Reese B. Meech</u>
<u>/e/ Mellanie J. Meech</u>

W:\2018\18-103\CH 12 PLANS\chapter 12 plan.wpd

| #NAME? | | | | | |
|---|---|---|---|---|---|
| Asset | Value | Lien | Exemption | Liquidation | Estate |
| 200 acres including Home 80 | 367,807.00 | 367,807.00 | $ 420,000.00 | | |
| 9547 Cty Rd 20 SW | Unknown | surrender | | | |
| 2000 Chevy S10 | 500 | | | | 500 |
| 1994 Chevy 1 ton | 1,500.00 | | $ 4,600.00 | | |
| 2002 GMC | 2,500.00 | 1,100.00 | $ 4,600.00 | | |
| Household Goods | 4,000.00 | | $ 4,000.00 | | |
| Clothing | 800.00 | | $ 800.00 | | |
| Com 1st Bank checking | 500.00 | | $ 375.00 | | 125 |
| Unit Retains | 6,386.00 | 6,386.00 | | | |
| Property Ins | 46,000.00 | 46,000.00 | | | |
| Equipment Check | 56,000.00 | 56,000.00 | | | |
| Annuity Reese | 3,860.00 | | $ 3,860.00 | | |
| Annuity Mellanie | 5,559.00 | | $ 5,559.00 | | |
| Dairy Herd/Cattle | 167,300.00 | 167,300.00 | | | |
| Hay 350 bales | 5,250.00 | 5,250.00 | | | |
| Anderson IFX 660 Wrapper | 18,000.00 | 18,000.00 | | | |
| Gehl RT 165 | 22,000.00 | 22,000.00 | | | |
| 2016 Wilson Trailer | 9,000.00 | 9,000.00 | | | |
| Gehl R 165 | 12,000.00 | 12,000.00 | | | |
| Livestock Chute Leased | 3,000.00 | 3,000.00 | | | |
| 1,000 Gal Fuel Barrels leased | 2,400.00 | 2,400.00 | | | |
| Farm Machinery | 158,850.00 | 158,850.00 | | | |
| 36' Flatbed trailer leased | 5,000.00 | 5,000.00 | | | |
| 03 S&S livestock trailer | 1,200 | | | 220.16 | 979.84 |
| 08 Aulick live bottom trailer | 20,000.00 | | | 3,686.34 | 16,313.66 |
| 03 S&S flat bottom trailer | 2,500.00 | | | 440.08 | 2,059.92 |
| 04 IH 8600 Day Cab | 6,000.00 | | | 1,155.42 | 4,844.58 |
| Total | | | | 5,502.00 | 24823 |